**Yue Xian LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS Respondent.**

No. 04–4470–AG.

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Lawrence J. Laurenzi, United States Attorney, Joe A. Dycus, Assistant United States Attorney, Western District of Tennessee, Memphis, Tennessee, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Yue Xian Lin, through counsel, petitions for review of the BIA's denial of her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " Id. (quoting Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir.2001)).

The BIA did not abuse its discretion in finding that the 2004 Country Report was not material to Lin's claims. As the government correctly notes, mistreatment of practitioners of Falun Gong was never in dispute at Lin's hearing or during her appeal. Lin was denied relief pursuant to her adverse credibility, and not because she lacked evidence that Falun Gong practitioners were abused by the Chinese government. Additionally, because the 2004 Report does nothing to address Lin's adverse credibility, it is not material to her case.

The BIA also did not abuse its discretion in finding that the birth of Lin's child did not provide new evidence warranting a reopening of her case. The BIA correctly pointed out that Lin has not violated the family planning policy in China, which allows for the birth of a child, and that her desire to have numerous children was too speculative a condition to give rise to a well-founded fear of persecution.

Finally, the Court does not have jurisdiction to hear Lin's arguments challenging the BIA's finding of adverse credibility. Lin failed to file a timely petition for review to this Court following the BIA's February 2004 decision. As the government argues, this Court is " 'precluded from passing on the merits of the exclusion proceedings,' and must confine [our] review to the denial of petitioner's motion to reopen." Kaur, 413 F.3d at 233 (quoting Ke Zhen Zhao, 265 F.3d at 90).

For the foregoing reasons, Lin's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).